KAY S. KIRBY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kirby v. Commissioner
Docket No. 25370-82.
United States Tax Court
T.C. Memo 1983-260; 1983 Tax Ct. Memo LEXIS 524; 46 T.C.M. (CCH) 114; T.C.M. (RIA) 83260; May 12, 1983. Ronald P. Teevan, for the petitioner. John S. Winkler, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for hearing on respondent's motion to dismiss for lack of jurisdiction. Upon review of the record, the Court approves *525 and adopts the opinion of the Special Trial Judge which is set out herein below. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: This case is before the Court on respondent's motion, filed on December 10, 1982, to dismiss for lack of jurisdiction on the ground that the petition was not timely filed. Petitioner filed a notice of objection on December 27, 1982. Hearing on the motion was held at Tampa, Florida, on February 28, 1983, at which time counsel for both parties appeared, and counsel for respondent filed a memorandum in support of his motion. At the conclusion of the hearing, the motion was taken under advisement with leave to petitioner to file a memorandum in support of her opposition to the granting of the motion. Counsel for petitioner has filed such a memorandum. There is no question that the petitioner in this case was filed well beyond the 90-day period following the mailing of the notice of deficiency, provided in section 6213(a). [1] The question to be considered in whether the notice of deficiency covering the calendar years 1977, 1978, and 1979, was properly mailed to petitioner. *526 Petitioner and her former husband, Richard C. Kirby, filed a joint return for each of the years 1977, 1978, and 1979, with the Internal Revenue Service Center at Chamblee, Georgia (the "Atlanta Center"). The filing status indicated on each of those returns was married, filing joint return, and the address on each such return was Route 2, Box 211, Lutz, Florida, 33549 (the "Lutz, Florida address"). On April 25, 1980, petitioner and Richard executed a Form 872 consent to extend the statute of limitations for 1977 to June 30, 1982. Petitioner's address on the form was the Lutz, Florida address. The 1978 return of petitioner and Richard was filed on June 8, 1979. Petitioner and Richard were divorced on or about February 15, 1980. On or before April 15, 1981, petitioner filed an individual income tax return for 1980 with the Atlanta Center. On that return her address was shown as 2101 Hidden Lake Drive, #D, Tampa, Florida, 33612. The Service Center processed the return on May 25, 1981. On or before April 15, 1982, petitioner filed an individual return for 1981 with the Atlanta Center, wherein here address was shown as 4116 Woodlark Drive, Tampa, Florida, 33624, where *527 she has been residing since November 1981. On April 21, 1982, respondent mailed to petitioner and Richard, at the Lutz, Florida address, a Form 872-A consent to extend the statute of limitations for 1977 and 1978, inasmuch as the statute of limitations was to run on those years on June 30, 1982, and June 8, 1982, respectively. By letter addressed to the District Director at Jacksonville, dated April 29, 1982, Richard responded to the Form 872-A, as follows: After reviewing your memo (copy attached) requesting that I sign the Form 872-A(C), I have decided not to sign it. Since I am now divorced from Kay S. Kirby, I cannot and am not speaking for her in this matter. Sincerely yours, /s/ Richard C. Kirby Richard C. Kirby 12536 Charing Cross Carmel, Indiana 46032 On May 19, 1982, a notice of deficiency for the years 1977, 1978, and 1979 was mailed to petitioner and Richard, at the Lutz, Florida address. On August 2, 1982, Richard timely filed with this Court a petition in response to that notice, which was filed at Docket No. 19657-82. On or about September 23, 1982, the Atlanta Center sent statements of tax due to petitioner at the Carmel, Indiana, address for the *528 years 1977 and 1978. It was not until petitioner received those statements, which were sent to her by Richard, that she learned of the deficiencies. She consulted with her present counsel, and thereafter filed her petition in this case on October 21, 1982, which was 155 days after the mailing of the notice of deficiency. If the Commissioner determines that there is a deficiency in income tax, section 6212(a) authorizes him to send notice of such deficiency to the taxpayer by certified mail or registered mail. Section 6212(b) is concerned with the address for a notice of deficiency, and in paragraph (2) it is provided as follows: (2) Joint Income Tax Return. -- In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary has been notified by either spouse that separate residences have been established, then, in lien of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address. The statutory scheme material to the present issue is completed by section 6213(a) which provides that within *529 90 days after the mailing of a notice of deficiency addressed to a taxpayer in the United States, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Petitioner argues that respondent had been notified that she and Richard were maintaining separate residences and, therefore, respondent was required to send a duplicate original of the joint notice to each of them at their last known address under section 6212(b)(2). Furthermore, because respondent failed to satisfy section 6212(b)(2), the notice of deficiency issued to petitioner was invalid. To support her argument that she placed respondent on notice that she and her husband had established separate residences, petitioner relies on her 1981 Federal income tax return and Richard's April 29, 1982, letter. Respondent contends that neither factor is sufficient to place him on notice that separate residences had been established. We agree with respondent that petitioner's filing of her 1981 return with the Atlanta Center under the facts herein is not sufficient notification to respondent. ; . *530 [2] However, we agree with petitioner that Richard's letter put respondent on notice that separate residences had been established. Richard's letter to the District Director at Jacksonville is unequivocal in notifying the Service that he and petitioner were divorced, and the only reasonable inference from that fact is that he and petitioner had established separate residences. On brief, respondent argues that the letter did not provide respondent with petitioner's new address. However, the statute imposes no requirement on the notifying spouse that he furnish the address of the other spouse. As this Court stated in : The spouse giving the notice might be totally unable to furnish information as to the present residence of the other spouse. The statute and regulations *531 only require that the Secretary or District Director for the district in which the return was filed be notified "by either spouse" that separate residences have been established. [3]
In sum, Richard's letter was dated April 29, 1982. The record does not disclose the date on which it was received in Jacksonville. However, we are satisfied that respondent received it in sufficient time to notify him of petitioner's living arrangements prior to the mailing of the notice of deficiency. Therefore, respondent was required to send a duplicate original of the joint notice to each spouse at each spouse's last known address. The facts in the instant case illustrate the rationale for this requirement. When petitioners moved from their Lutz residence, each petitioner left a forwarding address with the Lutz post office. By sending only one notice of deficiency to the Lutz address, respondent put the post office in the position of choosing to which spouse they should forward the notice of deficiency. Obviously, the Lutz post office chose to send it to Richard. Accordingly, respondent's motion to dismiss for *532 lack of jurisdiction for failure to file a timely petition will be denied, but the case will be dismissed for lack of jurisdiction on the ground that respondent failed to issue a proper notice of deficiency. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Here there has been no showing that respondent's Service Center updated petitioner's address based on subsequently filed returns and, accordingly, mailed a bill for the years at issue to the new address. Cf. . In fact, the statements of tax due were mailed to Richard's Indiana address.↩
3. See also .↩